IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUSAN H. WILLIAMS, DECEASED,
BY RUTH SNELL, MOTHER AND
SUBSTITUTED PARTY                                                                PLAINTIFF

v.                                                           CIVIL ACTION NO.  1:07cv643-LG-JMR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

## REPORT AND RECOMMENDATION

This matter comes before this Court on Plaintiff's Motion [10-1] to Render and/or Remand. Although Plaintiff has not filed a Memorandum in Support of her Motion [10-1], Plaintiff has filed a Motion [9-1] for Added Time to File a Brief.  In the Motion [9-1], Plaintiff seeks an additional sixty (60) days from the date this Court renders a decision on her Motion[10-1] to Remand in which to file a brief with this Court.  Defendant filed a Response [11-1], which is accompanied by a Memorandum [12-1] in Opposition to Plaintiff's Motion to Remand.  After considering Plaintiff's Motion [10-1], all subsequent briefings, the record of the proceedings below, along with the record as a whole and relevant law, this Court finds that Plaintiff's Motion is not well taken and should be denied.

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry of whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Perales*, 402 U.S. at 401 (*quoting Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has stated that substantial evidence:

> ...must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (*quoting Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not weigh the evidence again, try the case de novo, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Perales*, 402 U.S. at 390.

## ANALYSIS

Plaintiff, Ruth Snell, mother of Susan H. Williams, deceased, ("Snell"), alleges that this Court should render a decision, or in the alternative, remand this action for several reasons. First, Snell alleges that page number 675 is missing from the transcript. *See* Motion [10-1] to Remand, p. 3. Snell argues that this missing page contains "important information necessary to be addressed in a brief." *Id*. Second, Snell argues that a number of inaudible portions of the medical expert's testimony contain responses that are critical to the preparation of Snell's brief and, it would be a denial of justice and due process to deny Snell the relief she seeks. *Id*. at 2. Third, Snell notes that the medical expert testified without reviewing the last medical report from treating physician, Dr. Rick Hoover, D.O. *Id*. at 3.

Defendant and Commissioner of Social Security Michael J. Astrue ("Commissioner"), argues that Snell's motion should be denied because her arguments are without merit and untimely. In regards to Snell's claim about missing transcript page 675, the Commissioner maintains that a finding of disability or remand of this matter is inappropriate at this time because the Commissioner has supplemented the transcript to include the previously absent page 675. The Commissioner points out that in September 2007, he requested supplementation of the Administrative Record in this matter to include page 675, which due to a clerical error had been omitted from the previous transcript forwarded to Snell's counsel. *See* Memorandum [12-1] p. 3. The Commissioner maintains that the requested supplemental certification occurred on September 18, 2007, and a copy of page 675 was forwarded to Snell's counsel. Thus, the Commissioner argues, and the Court agrees, that the information necessary to be addressed in a brief contained on page 675 is now before Snell and her efforts to draft her brief are no longer impeded.

The Commissioner also argues that a finding of disability, or remand of this matter, is inappropriate and untimely due to Snell's failure to provide an argument establishing any harm or prejudice caused by the inaudible portions of the medical expert's testimony. *See* Memorandum [12-1] p. 4. The Commissioner admits that during Snell's administrative proceeding, the medical expert provided telephonic testimony. Snell points out, and the Commissioner agrees, that sections of inaudibility occur at pages 642 through 670. *See* Motion [10-1] to Remand pp. 3-4, *see also* Memorandum [12-1] p. 4. Snell maintains that the testimony contained in pages 642 through 650 refer to preliminary matters that have nothing to do with the case at bar. *See* Motion [10-1] to Remand p.2.

However, Snell argues that the "inaudibles" which are relevant to the case occur in the transcript on pages 651 through 665 and pages 667 through 670. *Id.* at 3. An Administrative Law

Judge ("ALJ") has a duty to develop facts fully and fairly relating to an applicant's claim for disability benefits. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). If the ALJ does not satisfy this duty, his decision is not substantially justified. *Id.* However, reversal of his decision is appropriate only if the applicant shows that he was prejudiced. *Ripley v. Carter*, 67 F.3d 552, 557 (5th Cir. 1995) *see also Newton v. Apfel*, 209 F.3d 448,458 (5th Cir. 2000). Specifically, the Fifth Circuit has explained that prejudice can be established by showing that review of the missing information might have led to a different decision. *Ripley*, 67 F.3d at 557. Snell fails to present any evidence that prejudice exists due to the inaudible portions of the transcript. Snell merely argues that because inaudible portions of the medical expert's testimony exists, a remand for further proceedings before the Office of Disability is warranted and the retaking of testimony of a medical examiner and vocational expert should be allowed. *See* Motion [10-1] to Remand p. 3. The Court finds that absent a showing of prejudice, Snell's argument fails.

Furthermore, the Commissioner points out that a review of the ALJ's decision reflects that the ALJ did not solely rely on the medical expert's testimony in determining, at Step 3 of the sequential evaluation process, that Snell's medically determinable impairments did not satisfy any the Social Security's Listings. *See* Memorandum [10-1] at 4. The Commissioner also asserts that the ALJ did not solely rely on the medical expert's testimony in determining that Snell was capable of performing light work. *Id.* at 4-5. The Commissioner contends, and the Court agrees, that the medical expert's opinion in the areas relied upon by the ALJ are both clear and unaffected by inaudibility issues. Thus, Snell would not be denied her right to due process if required to draft a brief without remanding this matter in order to further develop the transcript. *Id.*

Finally, the Commissioner argues that Snell was not prejudiced due to the medical expert's failure to review the opinion evidence of Dr. Rick Hoover. *See* Memorandum [12-1] at 6. Snell

asserts that when the medical examiner was asked if he had received that last medical report from the treating physician, Dr. Hoover, the medical examiner responded in the negative. *See* Motion [10-1] to Remand p. 3.  Snell argues that no effort was made to provide the medical examiner with a copy of the report,  and that the report should have been mailed or faxed prior to the hearing in which his testimony was taken.  The Court finds that Snell fails to provide support for this argument.  The Court further finds that Snell should fully brief this issue and the Commissioner should be afforded an opportunity to respond.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Snell's Motion [10-1] to Render and/or Remand should be denied.  The Court finds that the issues regarding missing page 675 have been addressed and corrected.  The Court further finds that a determination of disability, or remand of this matter, is inappropriate and untimely due to Snell's failure to provide an argument establishing any harm or prejudice caused by the inaudible portions of the medical expert's testimony.  The Court reserves ruling on a finding that Snell was prejudiced due to the medical expert's failure to review the opinion evidence of Dr. Rick Hoover until this issue is full briefed by Snell and the Commissioner is afforded an opportunity to respond.

In accordance with the Rules of this Court, any party within ten days after being served a copy of this recommendation, may serve and file written objection to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on

appeal- unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).

 THIS the  26th  day of October, 2007.

               s/ JOHN M. ROPER
              CHIEF UNITED STATES MAGISTRATE JUDGE